IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CHARLES SCOTT SIMONDS,** | : | |
| **Movant,** | : | |
| v. | : | Case No. 4:23-cr-028-CDL-CHW-1 |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | |

## ORDER

In June 2024, the Court entered judgment against Defendant Charles Scott Simonds based on his plea of guilty to the charge of failure to register as a sex offender in violation of 18 U.S.C. § 2250. (Doc. 29). Movant has filed what he labeled as a "Motion for Modification of Sentence Reduction Pursuant to 18 U.S.C § 3582(c)(A)," in which he asks the Court for a sentence reduction and suggests that he did not have an underlying conviction requiring him to register as a sex offender. (Doc. 32). Because Movant challenges the validity of his conviction, these arguments are best construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The usual practice when a § 2255 motion is filed is for the Court to conduct an initial review in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts to determine if the § 2255 motion is subject to summary dismissal. Because Movant failed to use the standard form petition for § 2255 motions, however, the Court is unable to conduct this initial review of his motion at this time.

It is therefore **ORDERED** that Movant **RECAST** his § 2255 motion **within 30 days of the date of this order**, in which he must clearly enumerate <u>all</u> his grounds for habeas relief. If Movant fails to recast his motion, the pending motion (Doc. 32) will be construed as a § 2255

motion and Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the original motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), Movant is also advised that if he fails to recast his § 2255 motion, so that his pending motion is characterized as a § 2255 motion, the filing will subject any future § 2255 motion to the restrictive conditions federal law imposes upon second or successive § 2255 motions. *See* 28 U.S.C. § 2255(h). The Clerk of Court is **DIRECTED** to provide Movant with a copy of the required § 2255 form petition.

At this stage, Movant is notified that the appropriate grounds for collateral review pursuant to § 2255 are extremely limited. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A prisoner is generally entitled to relief under § 2255 if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Importantly, collateral review is not a substitute for direct appeal. *See Lynn*, 365 F.3d at 1232.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Movant's recast motion, if one is filed, or the original filing, if an amended motion or recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

**SO ORDERED**, this 7th day of July, 2025.

s/ <u>Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge